IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 08-416 |
| | ) | |
| MAURICE WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 14th day of December, 2009, upon consideration of Defendant's Motion Requiring the Government to Provide Newly Discovered Evidence It May Have In Its Possession (Document No. 60) filed in the above captioned matter on November 30, 2009, and upon further consideration of the Government's Response thereto,

IT IS HEREBY ORDERED that said Motion is DENIED.

On July 6, 2009, Defendant was found guilty of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Defendant's sentencing hearing is currently scheduled to take place on January 6, 2010.

Prior to trial, the Government produced audio recordings and a transcript and summary of telephone calls made by Defendant's brother, Vallon Wallace, from the Allegheny County Jail, to

Defendant.[1] The Government redacted the remainder of the recordings and reports concerning his brother's telephone calls from the jail.

As set forth in his motion, Defendant now "believes that other persons made exculpatory statements to his brother and that those statements were actually recorded and transcribed and then redacted prior to their disclosure to the defendant and his counsel." Defendant argues that the Government may have violated its obligations under Brady v. Maryland, 373 U.S. 83, 87 (1963).

In its response, the Government represents that none of the redacted information is exculpatory.

There is no factual support, such as an affidavit from his brother, for Defendant's belief that the Government may be withholding Brady materials. Defendant has failed to allege, other than in conclusory terms, that the Government has withheld favorable evidence that is relevant to guilt or punishment. Strickler v. Greene, 527 U.S. 263, 280-81 (1999). Furthermore, assuming *in arguendo* that the Government has withheld favorable evidence, Defendant has failed to allege any set of facts that would lead to the conclusion that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985); see also United States v. Agurs, 427 U.S. 97, 109-10

---

[1] The Government also provided information concerning telephone calls made by Hosea Ghafoor. Defendant does not contend that any redactions made regarding Ghafoor's calls contain exculpatory evidence.

(1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.").

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record